UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUBEN CHAVEZ (#469159)

VERSUS

STATE OF LOUISIANA, ET AL

CIVIL ACTION

NUMBER 05-1296-RET-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _____July 18_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



RUBEN CHAVEZ (#469159)

VERSUS                                            CIVIL ACTION

STATE OF LOUISIANA, ET AL                         NUMBER 05-1296-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Ruben Chavez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count possession of marijuana, 60 - 2000 pounds, in the Eighteen Judicial District Court for the Parish of Iberville, Louisiana on March 31, 2003. Petitioner was sentenced to a 15 year term of imprisonment at hard labor. Petitioner was subsequently adjudicated a habitual offender and was re-sentenced to a 25 year term of imprisonment at hard labor.

The Louisiana First Circuit Court of Appeal affirmed the conviction, vacated the sentence and remanded for re-sentencing. *State of Louisiana v. Ruben Chavez*, 2003-1781 (La. App. 1st Cir. 4/2/04), 870 So.2d 645. Petitioner's application for supervisory review was denied by the Louisiana Supreme Court. *State of Louisiana v. Ruben Chavez*, 2004-1618 (La. 11/15/04), 887 So.2d 477.

Petitioner filed his federal habeas corpus application asserting the following grounds for relief: (1) the trial court erred in denying the petitioner's motion to suppress; (2) the trial court erred in denying the petitioner access to the personnel records of an expert witness;

(3) the trial court erred in allowing the expert witness to give opinion testimony pertaining to an ultimate issue in the case; (4) the trial court erred in allowing the State to use inculpatory statements made by a co-defendant to police officers that were not disclosed to the defense; (5) the State failed to disclose the inculpatory statement by a co-defendant; and, (6) the trial court erred in ruling that possession of a controlled dangerous substance is a general intent crime.

No evidentiary hearing is required. Petitioner has exhausted available state court remedies regarding claims one through five. Claim six is technically exhausted but procedurally barred.

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of section 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

**Ground 1:**

In his first ground for relief, the petitioner argued that the trial court erred in denying his motion to suppress all fruits of the search of the vehicle. Specifically, the petitioner argued that because his co-defendant did not consent to the search of the vehicle, all physical evidence seized during the warrantless search was inadmissible.

The issue of whether a defendant consented to a search is a question of fact to be determined by the totality of the circumstances. *United States v. Harrison*, 918 F.2d 469, 473 (5th Cir. 1990). Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses. *United States v. Solis*, 299

F.3d 420, 436 (5th Cir. 2002). A factual finding is clearly erroneous if, although there is evidence to support it, after viewing the record the court is left with a definite and firm conviction that a mistake was committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525 (1948).

The trial court found that Jimmy Moreno, the driver of the vehicle, voluntarily consented to the search of the vehicle. At trial, Moreno denied that he gave Deputy Mark Burgess consent to search the vehicle. Beyond his own denial of consent, the only evidence that the petitioner points to in support of his argument is the fact that Moreno did not sign a consent form authorizing the search of the vehicle.

The trial court did not clearly err in concluding that Moreno granted consent to search the vehicle. The trial court credited the testimony of Deputy Burgess who testified at the suppression hearing that he requested the consent to search the vehicle from Moreno who verbally agreed to the request.

Petitioner has not carried his burden to rebut the presumption of the correctness of the trial court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

**Ground 2:**

In the second ground for relief, the petitioner argued that he was denied access to the personnel records of the State's expert witness in violation of his Sixth Amendment right to confront a witness.

The Confrontation Clause, applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right

4

... to be confronted with the witnesses against him." U.S. Const. amend. VI. The guarantees of a face-to-face confrontation with witnesses at trial and of the right to cross-examine those witnesses serve to protect the integrity of the fact-finding process in criminal trials. *Coy v. Iowa*, 487 U.S. 1012, 1019-20, 108 S.Ct. 2798, 2802-03 (1988). Habeas relief may be granted based on the state court's erroneous evidentiary ruling only if that ruling violated the petitioner's constitutional rights or rendered his trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809 (5th Cir. 1999). Although the scope of cross-examination is within the discretion of the trial court, and it may impose reasonable limits on defense counsel's inquiry, "that discretionary authority comes about only after sufficient cross examination has been granted to satisfy the Sixth Amendment." *United States v. Landerman*, 109 F.3d 1053, 1061 (5th Cir. 1997).

The Confrontation Clause is satisfied where defense counsel has been permitted to expose to the jury facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993).

The record reflects that counsel was able to elicit testimony from Deputy Sgt. Angelo regarding his credibility. The district court did not violate the petitioner's Sixth Amendment right to confrontation. Petitioner's Sixth Amendment confrontation clause claim is without merit.

**Ground 3:**

In his third ground for relief, the petitioner argued that the trial court erred in allowing the expert witness to express an opinion as to the petitioner's guilt in violation of La.C.Cr.P.

art. 704.

A federal habeas court grants relief when the petitioner is held "in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a)(emphasis added). A federal habeas court asks only whether a constitutional violation infected the trial. *Pemberton v. Collins*, 996 F.2d 789 (5th Cir. 1993). *See also, Herrera v. Collins* 506 U.S. 390, 113 S.Ct. 853, 859 (1993). An error in the application of state law by the trial court does not provide grounds for habeas relief. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567 (1982). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and rules of evidence, this is an issue not within the scope of federal habeas corpus.

## Grounds 4 and 5:

In his fourth and fifth grounds for relief, the petitioner argued that the trial court erred in admitting the inculpatory statements of his co-defendant in violation of La.C.Cr.P. art. 722 and his due process rights. Specifically, the petitioner argued that the State failed to produce inculpatory evidence used to impeach Jimmy Moreno.

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and rules of evidence, this is an issue not within the scope of federal habeas corpus. *Cook v. Morrill, supra.*

The prosecution's suppression of material evidence favorable to the accused violates due process regardless of whether or not the prosecution acted in good faith or bad faith in failing to make a timely disclosure of the evidence. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963); *Jones v. Butler*, 864 F.2d 348, 354 (5th Cir. 1988), *cert. denied*, 490 U.S. 1075, 109 S.Ct. 2090 (1989). To be entitled to federal habeas corpus relief, the petitioner must show: (1) the prosecution suppressed evidence, (2) the suppressed evidence was "favorable to the accused," and (3) the evidence was "material" either to guilt or punishment. *Brogdon v. Butler*, 790 F.2d 1164, 1167 (5th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S.Ct. 3245 (1987). Evidence that is "favorable to the accused" includes evidence that tends directly to exculpate the accused as well as evidence that impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763 (1972); *Porretto v. Stalder*, 834 F.2d 461, 464 (5th Cir. 1987). The touchstone of materiality is a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1566 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.*

The Louisiana First Circuit Court of Appeal made the following factual findings:

> We are not aware of, and defendant has not pointed out, any rule or precedent that requires the State to turn over inculpatory evidence used to impeach a witness, the rationale being that such evidence only becomes admissible once the witness's credibility becomes at issue.
> This is precisely what happened in the present case. The State could not have known prior to Moreno's testimony that his testimony would be

impeachable, which occurred only when he denied making the statements to Deputy St. Angelo and Kimberly Thomas.

*Chavez*, 2003-1781 at 13-14.

Petitioner has not carried his burden to rebut the presumption of the correctness of the appellate court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

### Ground 6:

In his sixth ground for relief, the petitioner argued that the trial court erred in declaring Moreno a hostile witness pursuant to La.C.E. art. 611C.

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and rules of evidence, this is an issue not within the scope of federal habeas corpus. *Cook v. Morrill, supra.*

### Ground 7:

In his seventh ground for relief, the petitioner argued that the First Circuit Court of Appeal erred when it ruled that possession of a controlled dangerous substance is a general intent crime and does not require knowledge of the defendant.

This ground for relief was not presented to the state district court as required by state procedural rules. Although the petitioner has not presented this claim in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to this claim. However, the claim is procedurally defaulted and cannot be considered by this court.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised

8

custody over the petitioner. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claim is "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation

9

and quotation omitted).

Petitioner's technically exhausted claim would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. This court is barred from considering the petitioner's technically exhausted claim.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the application of petitioner Ruben Chavez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

Baton Rouge, Louisiana, _____July 18_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE